HUGHETTE THEODORE, Plaintiff-Appellant, *v.* ELMHURST COLLEGE, Defendant-Appellee.

Second District    No. 80-818

Opinion filed August 11, 1981.

Francis X. Riley, of Glen Ellyn, for appellant.

Sandra P. Zemm and Craig B. Mousin, both of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Hughette Theodore, a tenured faculty member, filed a complaint

against Elmhurst College (hereinafter the College) charging that her dismissal was in breach of her contract with the College and that the real motive for her discharge was that she was black. The College filed a timely motion to strike and dismiss directed at certain allegations in the complaint, and an answer in which the defendant asserted certain affirmative defenses, including the pendency of another action between the same parties for the same cause. Subsequently the College filed a motion to dismiss the complaint, stating that plaintiff failed to state a cause of action and also alleging that the plaintiff had filed a complaint in the Federal court for the same cause. The Federal complaint stated, in essence, that the College dismissed her because of her race and not for the reasons advanced in the administrative hearings prior to her termination, which purportedly were a curtailment of the department and a finding of diminished "rank credits" which affected her seniority. The trial court dismissed the complaint based on section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)). Plaintiff appeals, contending that the Federal and State claims do not involve the same parties or the same cause, as required to support the dismissal.

■■ We first conclude that the plaintiff's complaint sufficiently states a cause of action for breach of contract. The complaint pleads a contract under which plaintiff's employment could be terminated only for cause or financial necessity; breach of the contract due to her termination without grounds because of her race, and consequent injury. This is sufficient to state a cause of action for breach of contract. (*Bodewes v. Zuroweste* (1973), 15 Ill. App. 3d 101, 102.) A number of paragraphs purported to state a cause of action for violation of due process, stating that the hearing afforded the plaintiff was not in accordance with the procedure set forth in the faculty manual and therefore denied her "contractual due process" and prevented a fair hearing. These also are, essentially, claims of breach of contract and are not subject to the argument of the College that a constitutional due process claim must be based upon State, not private acts.

We therefore reach the merits of the dismissal based on the relationship between the cause in the State court for breach of contract and the cause pending in the Federal court which charges a violation of plaintiff's civil rights. 42 U.S.C. §§2000e—(5)(f)(3) and 2000e—(2)(a)(1) (1976).

■■ Section 48(1)(c) of the Civil Practice Act provides that a complaint may be involuntarily dismissed on the ground that "there is another action pending between the same parties for the same cause.".

In *Skolnick v. Martin* (1964), 32 Ill. 2d 55, the defendants moved to dismiss a State court action for breach of contract because of a pending Federal suit arising out of the same alleged breach of contract but based on a claim of violation of civil rights under 42 U.S.C. §§1981-1988 (1976).

(See *Skolnick v. Martin* (1964), 47 Ill. App. 2d 167, 168.) The State court suit consisted of common law actions for willful and malicious trespass and malicious use of deposition process; the Federal suit was based on the same set of facts but claimed a civil rights violation. The court, concluding that the dismissal under section 48(1)(c) of the Civil Practice Act was required, noted that "actions are 'for the same cause,' when relief is requested on substantially the same state of facts." *Skolnick*, at 57.

In this case, the provisions of the State court complaint setting forth the purported breach of contract (pars. 8—15) are identical to provisions in the Federal complaint (pars. 5—11, 13), and both complaints request that the College be enjoined from discharging the plaintiff, be ordered to reinstate her with back pay, and be ordered to pay damages for the breach. The Federal complaint further requests punitive damages for humiliation. Nevertheless, the central matters in issue in both cases are the employment contract, the breach of the contract and the failure to follow procedures for discharge set forth in the faculty manual, and the racial motivation for the discharge. Substantially, the same relief is requested in each suit and on essentially the same acts.

Subsequent to *Skolnick*, section 48 has been used to dismiss suits in numerous cases where the causes of action were not the same but the causes were based upon the same underlying facts. In *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, the court ordered dismissal of a habeas corpus action involving the custody of the child of divorced parents when there was already pending a custody action involving the same child. In *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, the court held that an FELA action arising out of an explosion in railroad yards was not substantially similar to an indemnity action arising out of the same accident because the proofs would differ significantly. However, it noted that in order to comply with the provision of section 48, "[n]either the parties nor the causes need be identical; a substantial similarity will suffice." (65 Ill. 2d 249, 255.) In *Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, the court held that even if purposes of the two actions in question are not identical section 48(1)(c) would require dismissal where there is a substantial similarity of issues. 27 Ill. App. 3d 819, 825-26; *Anagnost v. Hammond Corp.* (1979), 73 Ill. App. 3d 667, 670; *Roeske v. First National Bank* (1980), 90 Ill. App. 3d 669, 673-74; *Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 867-68.

We note a Federal case which is substantially similar in its factual setting to that before us. While it does not deal with a dismissal in the State court under section 48(1)(c), it does deal with the other side of the coin, the question of Federal abstention where substantially the same facts are the basis for the claims in the State and Federal courts. In *Atchison v. Nelson* (D. Wyo. 1978), 460 F. Supp. 1102, the plaintiff was fired from his

State job, allegedly to frustrate and silence his political and union activities. The State maintained that his position was reclassified and that he no longer met the minimum requirements. The plaintiff brought an action in Federal court for violation of his civil rights. (42 U.S.C. §1983 (1976).) He also filed a State action for administrative review, breach of contract, violation of constitutional rights, tortious interference with contract, libel and outrageous conduct. The court addressed the issue of whether the Federal court should abstain from proceeding with its suit until the State court had decided its case. The court held abstention was proper after specifically finding: "* * * that the parties and the factual allegations are identical, the relief prayed for is similar and the same central issue is presented in both cases, namely whether the Plaintiff was properly terminated or whether he was fired for his political and union activities, and to prevent his right of appeal." 460 F. Supp. 1102, 1107.

We conclude that plaintiff's civil rights action in the Federal court and the breach of contract action in the State court are substantially similar for purposes of dismissal under section 48(1)(c). The trial court therefore did not abuse its discretion in granting the motion to dismiss. The judgment is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.