ROGER CUMMINGS, Plaintiff-Appellant, *v.* IRON HUSTLER CORPORA-
TION *et al.*, Defendants-Appellees.

Third District   No. 3—83—0052

Opinion filed September 19, 1983.

James M. Janovetz, of Harvey & Stuckel, Chartered, of Peoria, for appellant.

J. Reed Roesler, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff, Roger Cummings, appeals from the dismissal of a four-count complaint filed in the circuit court of Peoria County against his former employer, Iron Hustler Corporation, the successor corporation American Pulverizer Company, American Pulverizer's wholly owned subsidiary Hustler Conveyor Corporation, and certain individual defendants who had allegedly participated to various degrees in the plaintiff's discharge at a time when the plaintiff was on disability

leave. In count I plaintiff charged the tort of retaliatory discharge; in count II he alleged breach of an employment contract; in count III plaintiff alleged negligence and discrimination on the part of the successor corporations for failure to hire him; and in count IV plaintiff charged various supervisory personnel and Iron Hustler's corporate president with negligence.

The plaintiff, in addition to his court action for money damages and injunctive relief, had previously instituted a "Complaint of Civil Rights Violation" with the Illinois Department of Human Rights. (Ill. Rev. Stat. 1981, ch. 68, par. 2—102(A).) The civil rights action was still pending before the Illinois Human Rights Commission, and, to the best of our knowledge, has not been finally resolved as of this writing. Essentially, that complaint charges discrimination against a handicapped person.

All of the defendants joined in a motion to dismiss plaintiff's lawsuit on two bases: section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c), repealed, currently Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(3)); and that plaintiff's cause, if any, was subsumed by his union's collective bargaining agreement with the employer corporation. It is from the trial court's granting of defendants' motion on section 48 grounds that plaintiff now appeals.

The issue before us as framed by the plaintiff-appellant is whether the complaints advanced on plaintiff's behalf with the Department of Human Rights and in the circuit court are "between the same parties" and "for the same cause," as those phrases are used in section 48(1)(c) of the Civil Practice Act. The defendants, in addition to arguing in favor of an affirmance on this basis, vigorously argue that the trial court's order should be affirmed on the alternative basis that the plaintiff was covered by a collective bargaining agreement which, they contend, subsumed all other potential causes of action arising out of the termination of the plaintiff's employment. In effect, the defendants are urging us to reaffirm the principles set forth by the majority opinion in *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, and extend the philosophy there expressed in favor of promoting industrial peace. Defendants would have this court, in addition to approving the trial court's dismissal of this lawsuit, declare that the plaintiff's pending complaint before the Human Rights Commission must fail as well by force of the exclusivity of the collective bargaining contract between the employer and the plaintiff's union and the grievance-arbitration remedies provided therein. In so arguing, the defendants acknowledge that the United States Supreme Court's decision in *Alexander v. Gardner-Denver Co.* (1974), 415 U.S.

36, 39 L. Ed. 2d 147, 94 S. Ct. 1011, on analogous facts, runs counter to their position. We decline defendants' invitation to indulge in mental exercises to distinguish *Alexander* and find no need to use the instant case as a vehicle for refueling the dispute that already rages over the wisdom of this court's opinion in *Cook v. Caterpillar*. (Compare *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203, *Lamb v. Briggs Manufacturing* (7th Cir. 1983), 700 F.2d 1092, and *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669, to *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, and *Petrik v. Monarch Printing Corp.* (1982), 111 Ill. App. 3d 502, 444 N.E.2d 588.) Rather, we agree with the trial court that the instant lawsuit was subject to dismissal under section 48(1)(c) for the reason that the plaintiff's lawsuit represents the same cause between the same parties as that previously filed and pending before the Illinois Human Rights Commission.

Plaintiff resists this conclusion primarily by attempting to distinguish various opinions in which dismissals under section 48(1)(c) have been upheld or ordered by courts of review. (*E.g., Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428; *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 215 N.E.2d 806; *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534.) Plaintiff urges that our supreme court's pronouncement in *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, would support a reversal of the trial court here. Plaintiff's argument fails to persuade however, because, unlike *Staley*, the issue before us is not whether the circuit judge failed to exercise his discretion in granting the defendant's motion to dismiss, but rather whether the trial court abused its discretion in so ruling. A discussion of *Staley* is, nonetheless, warranted because of the insight it provides on appropriate factors to be considered in exercising discretion on section 48(1)(c) motions.

In *Staley*, the plaintiff corporation sued Swift, the defendant corporation, for damages allegedly sustained upon Swift's failure to complete construction of a soy bean processing plant located in Iowa. This suit was commenced in the circuit court of Macon County, Illinois, at a time when another action, instituted by Swift and seeking recovery of money retained by Staley to secure construction of the plant, was pending in the district court in Iowa. Swift, after losing on its initial motion to dismiss for *forum non conveniens*, filed a second motion to dismiss under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)). The Illinois trial court granted the latter motion upon determining that the Iowa suit had preceded the filing of

Staley's Illinois suit by 41 to 71 minutes.

On appeal, the appellate court determined that the trial court had erred in its determination that the time factor compelled dismissal of the later-filed suit. The appellate court remanded the cause, directing the trial court to exercise its discretion in ruling on the motion. The Illinois Supreme Court, however, chose to grant appeal and to exercise its supervisory authority to rule on the merits of the section 48(1)(c) motion. The high court analyzed the legislative intent implicit in section 48(1)(c) of avoiding duplicative litigation as applied to the procedural aspects of the Illinois/Iowa suits under consideration. The majority opinion distinguished those cases in which section 48(1)(c) motions had been granted when intrastate conflicts might have developed, thereby " '*** diminish[ing] respect for and public confidence in our judiciary. ***' " (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 256, 419 N.E.2d 23, 28, quoting from *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 257, 357 N.E.2d 534, 538.) Finally, the court determined that the purposes of section 48(1)(c) would not be served or promoted by either dismissing or staying Staley's Illinois suit and forcing a counterclaim merely because the action instituted by Swift was pending in a sister State. Accordingly, the supreme court remanded Staley's suit to the trial court with directions to proceed with litigation.

Subsequently, the Illinois Supreme Court granted leave to appeal in *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876, a case coming before the court in a procedural context similar to that of *Staley,* and held that dismissal under section 48(1)(c) was not appropriate, but a stay was. In *Santos,* a class action was filed in the United States District Court for the Northern District of Illinois by public aid recipients challenging on Federal grounds the practice of the Department of Public Aid of obtaining and enforcing promissory notes to recover overpayments of AFDC benefits. The class action was filed on September 11, 1979. Named as defendants in the Federal suit were the director of the Department and the supervisor of the Department's Collection Division. On October 24, 1979, the Illinois Attorney General, on behalf of the Department of Public Aid, filed three complaints in the circuit court of Cook County to collect on three such promissory notes executed by public aid recipients. As in *Staley,* the trial court determined that it had no discretion under section 48(1)(c), and dismissed the later-filed State suit.

The Illinois Supreme Court reiterated its position, as expressed in *Staley,* that the remedies delimited by section 48(1)(c) are addressed to the sound discretion of the trial court and are not mandated by the

pending of another cause between the same parties arising out of the same operative facts. As in *Staley*, the high court determined that judicial economy would be served by ruling on the merits of the section 48(1)(c) motion, rather than merely remanding to the circuit court with directions to exercise its discretionary authority. This time the court, again prefacing its analysis with reference to the statutory purpose of avoiding duplicative litigation, concluded that the issues presented to the Federal and State courts were sufficiently distinct to warrant litigation on both fronts. However, the court found that the several factors relevant to the question of staying an action under section 48(1)(c), as set forth in *Staley*, weighed in favor of granting a stay of the State court action pending resolution of the Federal suit.

■ While *Staley* and *Santos* are both instructive of the Illinois Supreme Court's reasoning process in exercising the discretionary authority granted under section 48(1)(c), as previously indicated in this opinion, those cases do not compel the conclusion that the trial court committed error in dismissing the plaintiff's complaint in the instant case. Unlike *Staley* and *Santos*, in this case there is no indication that the trial court was of the opinion that section 48(1)(c) mandated dismissal of the lawsuit. Therefore, we assume, in the absence of any evidence to the contrary, that the trial court was aware that granting dismissal or denying it on the basis of section 48(1)(c) is a matter addressed to the court's sound discretion and that the judgment which forms the basis of this appeal represents the court's exercise of such discretionary authority.

■ Plaintiff argues next that the matter pending before the Illinois Human Rights Committee is sufficiently distinct from that pursued in the circuit court as to render a section 48(1)(c) motion to dismiss inappropriate. We disagree.

It is by now well settled that neither the parties nor the causes referred to under section 48(1)(c) need be identical, but are required only to be substantially similar. (*Theodore v. Elmhurst College* (1981), 99 Ill. App. 3d 126, 425 N.E.2d 59.) So long as both causes are based upon substantially the same underlying facts or issues, the "same cause" element is satisfied. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428.) At the heart of both causes in the instant case are the plaintiff's disablement caused by a work-related injury, absence during a period of disability and his allegedly wrongful discharge. For purposes of section 48(1)(c), we hold that use of the same set of operative allegations in the two actions here renders them the "same cause."

■ Plaintiff points out, however, that if successful in his law-

suit for retaliatory discharge, he could seek punitive damages, and this remedy is not available under the Human Rights Act. This distinction, without more, does not mandate a reversal on grounds that the "causes" are different or that the trial court abused its discretion in ordering dismissal. (*Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31.) We do not find that the purpose of section 48(1)(c) of avoiding duplicative litigation is outweighed by the public policy furthered by allowing the extraordinary remedy of punitive damages, in addition to compensatory relief, in retaliatory discharge awards. Finally, the fact that the legal theories for the causes are not identical does not destroy the "same cause" element. *Catalano*.

Plaintiff's attempt to distinguish the parties is unconvincing. The "same parties" element is satisfied where the litigants' interests are sufficiently identical even though differing in name or number. (*Catalano; International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736.) The relationships between the individual named defendants in the State suit and the "employer" named in the civil rights action, and the obvious privity among Iron Hustler, American Pulverizer and Hustler Conveyor Corporation, render the parties sufficiently similar in interest to survive plaintiff's challenge to the "same party" element.

In sum, we find that the litigation instituted by plaintiff in the circuit court of Peoria County involved substantially the same parties and the same cause as the action pending before the Illinois Human Rights Commission. Whether or not, given the same facts, we might have ruled differently and stayed the court proceedings or allowed both actions to proceed simultaneously is not an issue in this case. Public policy of Illinois is not violated by dismissing the plaintiff's lawsuit. For the foregoing reasons, we hold that the trial court did not abuse its discretion under section 48(1)(c) in dismissing the plaintiff's cause.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.