SKIPPER MARINE ELECTRONICS, INC., Plaintiff-Appellant, v. CYBERNET MARINE PRODUCTS, Defendant-Appellee.

First District (3rd Division)   No. 1—89—0693

Opinion filed June 27, 1990.—Rehearing denied August 3, 1990.

Kevin G. Barry and Donald S. Shifris, both of Shifris & Barry, Ltd., of Northbrook, for appellant.

Leonard A. Nelson, of Shoenberg, Fisher & Newman, Ltd., of Chicago, and Victor A. Rodger, of Spensley, Horn, Jubas & Lubitz, of Los Angeles, California, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Skipper Marine Electronics, Inc. (SMI),[1] appeals from an order of the circuit court granting the motion of defendant Cybernet

---

[1]Plaintiff is affiliated with a California corporation and a Florida corporation. The California and Florida corporations are also named Skipper Marine Electronics, Inc. In this opinion "SMI" will be used when referring to the plaintiff in this action. "SMC" will be used when referring to the California corporation.

Marine Products to dismiss SMI's action pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3)), on the ground that there was another action pending between the parties in a California court. SMI contends that Illinois is the proper forum for the action and that the trial court abused its discretion in granting defendant's motion to dismiss.

On March 17, 1988, SMI filed suit in the circuit court of Cook County against defendant, a division of the California corporation Kyocera Electronics, Inc. (Kyocera). SMI's complaint alleged that SMI was a dealer/distributor of defendant's products; that defendant had entered into contracts with SMI for the purchase of defendant's products; and that although these purchases qualified for defendant's "Volume Bonus" and "Cooperative Advertising" incentive programs, defendant refused to credit SMI's account for the amount of incentives earned. SMI also alleged that by seeking strict enforcement of the provisions of the incentive programs against SMI, but not against other dealer/distributors, defendant was in violation of the Illinois Anti-Trust Act (Ill. Rev. Stat. 1987, ch. 38, par. 60—7(2)).

Defendant was served with process on March 24, 1988, and on September 13, 1988, defendant filed a motion to dismiss or transfer on the ground of *forum non conveniens* and a motion for involuntary dismissal pursuant to section 2—619(a)(3). Section 2—619(a)(3) provides that a defendant may file a motion for dismissal of an action on the ground that there is another action pending between the same parties for the same cause.

Attached to defendant's section 2—619(a)(3) motion for involuntary dismissal was a copy of a complaint filed by Kyocera in the municipal court of California against a California corporation also named Skipper Marine Electronics, Inc. (SMC). The complaint, which was filed on March 10, 1988, and served on March 29, alleged that SMC was in debt to Kyocera in the amount of $11,770 for goods furnished to SMC by Kyocera at SMC's request and that despite Kyocera's demands SMC had refused to pay for the goods ordered. The complaint also requested a judicial declaration of the parties' rights and duties under Kyocera's volume bonus and cooperative advertising incentive programs and of whether these rights were affected by SMC's failure to make timely payments as required by the terms of the incentive programs.

In support of its motion to dismiss, defendant argued that the California action was filed prior to the Illinois action and that both sought a determination of the same issue, *i.e.*, the parties' rights under Kyocera's incentive programs. Defendant further argued that to

allow both actions to proceed would result in unnecessary expense to the parties, a duplication of judicial resources, and the possibility of inconsistent rulings.

In its reply to defendant's motion, SMI acknowledged that it was affiliated with SMC and that products billed to SMI were delivered to SMC. SMI argued, however, that defendant's motion to dismiss should not be granted: (1) because SMI was not a party to the California action; (2) because the Illinois court first acquired jurisdiction over the parties, when service of process was obtained in the Illinois action five days before it was obtained in the California action; and (3) because all transactions and sales between SMI and defendant were conducted in Illinois.

In response, defendant presented the trial court with certified copies of pleadings filed by SMC in the California court. In these pleadings, SMC requested that the California court stay or dismiss Kyocera's action on the ground that an identical action involving the same parties was pending in the courts of the State of Illinois. Defendant also filed documents showing that Donald Shifris, one of SMC's attorneys, was both president of SMI and chief executive officer of SMC; that the only other officer in either corporation was Virginia Pietrzycki, who served as secretary of both; and that Shifris and Pietrzycki were the only directors of the two corporations.

Following a hearing on defendant's motion to dismiss pursuant to section 2—619(a)(3), the trial court entered an order dismissing plaintiff's action. No action was taken on defendant's motion to dismiss for *forum non conveniens*.

In its appeal, SMI argues that the parties to the Illinois and California actions were not the same and, therefore, it was error for the trial court to dismiss the action pursuant to section 2—619(a)(3). SMI further argues that because defendant failed to allege fraud or demonstrate that one of the corporations was a "dummy" or sham for the other, the trial court was precluded from finding that the parties were the same. We find that these arguments are wholly without merit.

■■ ■ Even a cursory reading of section 2—619(a)(3) and the case law interpreting it would reveal that there is no requirement that there be an allegation of fraud or impropriety before a trial court may dismiss an action on the ground that there is another action pending between the same parties for the same cause. Further, it is well settled that a dismissal pursuant to section 2—619(a)(3) does not require a finding that the litigants in the two actions are identical. (*People ex rel. Fahner v. Climatemp, Inc.* (1981), 101 Ill. App. 3d 1077, 428 N.E.2d 1096.) The "same parties" requirement of section 2—619(a)(3)

is met where the litigants' interests are sufficiently similar, even though the litigants differ in name or number. *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 454 N.E.2d 1078; *Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 334 N.E.2d 313.

In the present case, SMI admitted in its response to defendant's motion to dismiss that it was affiliated with SMC and that goods purchased by and billed to SMI were shipped to SMC. In addition, defendant presented documents establishing that one of SMI's attorneys and another individual served as the only officers and directors of both SMI and SMC. Defendant also presented certified copies of pleadings filed with the California court in which SMC argued that the California action should be dismissed because the same parties were involved in an action pending in the Illinois courts. We find that this evidence is sufficient to support a conclusion that the interests of SMI and SMC are substantially similar for purposes of section 2–619(a)(3).

SMI also argues that the trial court dismissal of the action was an abuse of discretion because the Illinois court was the first to acquire jurisdiction over the matter; because the court's action would require SMI to assert its claim for relief under the Illinois Anti-Trust Act by way of a counterclaim in the California action; and because there was a legitimate relationship between the case and the State of Illinois. We first consider SMI's argument that the Illinois court was the first to acquire jurisdiction.

SMI argues that, while the California action was filed one week before the Illinois action, the Illinois court was the first to acquire jurisdiction by virtue of the fact that service of process was obtained in the Illinois action five days before it was obtained in the California action. SMI acknowledges that a number of cases have held that the time of filing determines when jurisdiction is first acquired; however, SMI argues that the rule in those cases applies only to intrastate cases and not to cases involving concurrent interstate jurisdiction.

SMI has cited no authority in support of its claim that where there are actions pending between the same parties in two different States, the time of service of process will determine which State first acquired jurisdiction, and we have been unable to discover any case in which a court of this State has made such a finding. Further, as the Illinois Supreme Court pointed out in *A.E. Staley Manufacturing Co. v. Swift & Co.* (1981), 84 Ill. 2d 245, 252, 419 N.E.2d 23:

> "[N]o mention is made in section [2–619(a)(3)] of the respective filing times of the actions, and it is therefore apparent that the

statute does not attribute any significance to that factor. \*\*\* That one action is filed prior to the other therefore would not be determinative."

The supreme court also ruled in *Staley* that the grant or denial of a section 2—619(a)(3) motion rests within the discretion of the trial court. The trial court in *Staley* concluded that it was required to dismiss plaintiff's action because a similar action had been filed previously in another State. Because the trial court believed it had no discretion in the matter and had not conducted an appropriate analysis of the situation, the supreme court conducted its own analysis and concluded that the trial court erred in dismissing the action. SMI argues that a similar result is required in the present case. We disagree.

■ The record in the present case reveals that the trial court was aware that the grant or denial of defendant's motion was a matter of discretion. The record also reveals that the court considered a number of factors in addition to the time of filing in making its decision. Despite this, SMI contends that the court's decision amounted to an abuse of discretion because the action had a legitimate relationship to the State of Illinois.

■ We do not find that the relationship between the State of Illinois and the proceedings in the present case was so strong that the trial court's dismissal could be considered an abuse of its discretion. Unlike *Staley*, where both plaintiff and defendant had their principal places of business in Illinois, in the case before us, only SMI is an Illinois corporation. Defendant is a California corporation, as are Kyocera, defendant's parent company, and SMI's affiliate, SMC. In addition, we note that SMI argued repeatedly in the lower court that defendant conducted much of its business from a New Jersey office and that all of the records relating to the transactions at issue were located at defendant's New Jersey office, thereby demonstrating that Illinois' relationship to the proceedings is no stronger than that which could be claimed by California or New Jersey.

■ As for SMI's contention that *Staley* mandates against dismissal because SMI would be required to file a counterclaim in the California action to recover under the Illinois Anti-Trust Act, we find that it also is without merit. We do not read *Staley* as setting forth a rule that no action may be dismissed pursuant to section 2—619(a)(3) where a party may be required to seek relief by way of a counterclaim in another State. Rather, as this court noted in *Natural Gas Pipeline Co. v. Phillips Petroleum Co.* (1987), 163 Ill. App. 3d 136, 146, 516 N.E.2d 527, the supreme court's decision in *Staley* was based on the conclusion that the Illinois action encompassed the

broader and largely dispositive litigation.

In the case before us, SMI's Illinois action sought recovery for defendant's alleged failure to comply with the terms of its volume bonus and cooperative advertising incentive programs. In the California action, Kyocera sought recovery for amounts it alleged it was owed in payment for goods shipped by it to SMC as well as a declaration of the parties' rights under the incentive programs. Kyocera also alleged that under the terms of the incentive programs, failure to pay for goods purchased would preclude participation in the programs. Thus, it appears that the California litigation is the broader and more dispositive of the two actions and, in light of this fact, we cannot say that there is a greater possibility of completely resolving the controversy between the parties in Illinois than in California.

In conclusion, we find no abuse of discretion in the granting of defendant's motion to dismiss pursuant to section 2—619(a)(3) and we, therefore, affirm the trial court's order dismissing the action.

Affirmed.

RIZZI and FREEMAN, JJ., concur.