**BRACH & BROCK CONFECTIONS, INC., Plaintiff,**

v.

**Pierre REDMOND, et al., Defendants.**

No. 97 C 4285.

United States District Court, N.D. Illinois, Eastern Division.

Aug. 11, 1997.

John H. Mathias, Jr., Matthew M. Neumeier and David M. Kroeger of Jenner & Block, Chicago, IL, for Plaintiff.

Dale G. Wills and Jeffrey W. Eich of Wildman, Harrold, Allen & Dixon, Chicago, Il, Ward L. Benshoof, Jonathan M. Gordon and John D. Arya of McClintock, Weston, Benshoof, Rochefort Rubalcava & MacCuish, Los Angeles, CA, for Defendants.

### *MEMORANDUM OPINION AND ORDER*

SHADUR, Senior District Judge.

Brach & Brock Confections, Inc. ("Brach") filed this action against Quality Candy Company, Inc. ("Quality"), its Mexican affiliate Dulces de Calidad de Mexico, S.A. de C.V. ("Ducamex") and Pierre Redmond ("Redmond," the principal in each corporation), invoking federal jurisdiction on diversity of citizenship grounds. Defendants promptly responded with a motion seeking the alterna-

tive relief of dismissal, stay or transfer of the action, and coupling their motion with a memorandum and extensive supporting materials. Now that motion is fully briefed and ripe for disposition, and this Court—having given full consideration to the parties' submissions—grants the motion to dismiss (which disposition of course renders any alternative relief moot).

Almost exactly a month before Brach filed suit in this District Court, Quality had brought an action against Brach in the Superior Court for the County of San Diego, California, stemming from the identical transaction: Quality claimed there that Brach had materially violated the agreement between the parties calling for Quality's manufacture (at the Tijuana plant of its Mexican affiliate Ducamex) of Brach's line of Christmas hard candy, while Brach's current action here charges that the shoe is on the other foot—that it is Quality and the other defendants that have committed major breaches.[1]

Next Quality sought to compel arbitration by a motion before the California state court, but just before the June 20 scheduled hearing on that petition:

1. Brach filed this lawsuit on June 13.

2. Three days later Brach removed the California state court action to the United States District Court for the Southern District of California.[2]

Because this action sounds in diversity, *Erie v. Tompkins* principles call for the application of Illinois substantive law. And it has long been held by this Court and most of its colleagues that the provisions of 735 ILCS 5/2–619(a)(3) ("Section 2–619(a)(3)") apply to this federal court as well—see, for example, *Northbrook Property & Cas. Ins. Co. v. Allendale Mut. Ins. Co.*, 887 F.Supp. 173, 175 (N.D.Ill.1995), which so holds and which points to the discussion by our Court of Appeals in *Locke v. Bonello*, 965 F.2d 534, 538 & n. 3 (7th Cir.1992) as signaling the same result.[3]

---

1. There is much more to the disputed relationships than a simple buyer-seller transaction, but it is unnecessary for present purposes to set out the complexities of the relationships or of the disputes between the litigants.

2. Nothing in the Federal Rules of Civil Procedure or in this District Court's local rules obligated Brach to apprise this Court of the previously-pending action in California, so this Court does not fault Brach's counsel for not having done so. But it *is* quite disturbing that Brach breached the requirement of the District Court in San Diego that *it* be informed of the pendency of this lawsuit when Brach filed its removal papers three days later—here are the unambiguous relevant provisions of Local Rule 40.1(f) (emphasis added) of that District Court:

   Whenever counsel has reason to believe that a pending action or proceeding on file or about to be filed is related to *another pending action or proceeding on file in this or any other federal or state court* (whether pending, dismissed, or otherwise terminated), counsel shall promptly file and serve on all known parties to each related action or proceeding a notice of related case, stating the title, number and filing date of each action or proceeding believed to be related, together with a brief statement of their relationship and the reasons why assignment to a single district judge and magistrate judge is or is not likely to effect a saving of judicial effort and other economies.

   \*   \*   \*   \*   \*   \*

   Definition of Related Action. An action or proceeding is related to another action or proceeding where both of them:

1. Involve some of the same parties and are based on the same or similar claims, or

2. Involve the same property, transaction, or event, or

3. Involve substantially the same facts and the same questions of law.

When this Court inquired on that subject at the time of presentment of defendants' present motion, Brach's counsel said it was not clear that the quoted rule applied to *this* pending lawsuit, an argument that in this Court's view scarcely passes the straight-face test. Now Brach Mem. 7 n. 3 explains that it had relied on its San Diego counsel in that regard, also not a persuasive excuse for noncompliance.

3. Brach Mem. 17 makes the totally bogus argument—unsupported either by the case that it cites for that proposition or by any other reported case—that Section 2–619(a)(3) does not apply when the prior action is in federal court. In addition to the federal cases that apply the statute to such situations, see, for example, *Illinois Cent. Gulf R.R. v. Goad*, 168 Ill.App.3d 541, 119 Ill.Dec. 183, 522 N.E.2d 845 (4th Dist.1988), applying the statute to uphold the dismissal of an action in light of a prior federal court lawsuit.

Under that statute it is a ground for dismissal of a second-filed lawsuit "[t]hat there is another action pending between the same parties for the same cause." Although in this instance the parties in the two action are not identical, Illinois case law teaches that the "same parties" requirement is satisfied "where the litigants' interests are sufficiently similar, even though the litigants differ in name or number" (*Skipper Marine Elecs., Inc. v. Cybernet Marine Products*, 200 Ill. App.3d 692, 695–96, 146 Ill.Dec. 361, 363, 558 N.E.2d 324, 326 (1st Dist.1990)), citing several cases for the identical proposition. Not only is that test met in this instance, but Quality's counsel has confirmed in a June 30, 1997 letter to Brach's counsel (after both these actions were on file):

> If Quality Candy's stipulation is necessary to enable Brach to pursue its claims in the California action (and I know of no reason why that should be the case) we would so stipulate.

There are to be sure Illinois cases that speak of Section 2–619(a)(3) dismissal as discretionary rather than mandatory—Brach stresses the decision and language in *A.E. Staley Mfg. Co. v. Swift & Co.*, 84 Ill.2d 245, 252, 50 Ill.Dec. 156, 419 N.E.2d 23, 27 (1980). But that case could not be more dissimilar to this one: There, in litigation between two Illinois-based litigants, one of them had won a true race to the courthouse by filing a lawsuit in Iowa just *minutes* before its adversary sued in an Illinois forum. Little wonder, then, that the Illinois Supreme Court rejected "automatic dismissal" in that situation.

But absent special circumstances (which are wholly absent here), dismissal remains the Section 2–619(a)(3) norm. And as for the exercise of discretion as to dismissal vel non, the types of considerations spoken of in the other case on which Brach seeks to rely (*Kellerman v. MCI Telecommunications Corp.*, 112 Ill.2d 428, 447–48, 98 Ill.Dec. 24, 493 N.E.2d 1045, 1053 (1986)) call for adhering to the norm of dismissal here:

The factors that a court should consider in deciding whether a stay under section 2–619(a)(3) is warranted include: comity; the prevention of multiplicity, vexation and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum.

It should of course be understood that the just-mentioned factors are not a recipe that strictly cabins the exercise of judicial discretion—but their application to this case points to the granting rather than the denial of defendants' motion.

Thus comity calls for preferring the earlier California action over this later-filed lawsuit, for Brach was already in court and free to assert its claims there rather than launching a second lawsuit in this District Court. Brach's arguments based on the difference in parties to the two lawsuits are empty, for if Ducamex and Redmond are to be sued at all there is no question that they far prefer being targeted by cross-claims at or close to their home base rather than being haled into court in Illinois. Indeed, as this Court stated orally when Brach's counsel sought to attach the pejorative label of "forum shopping" to defendants, if that tag applies to anyone it must instead be ascribed to Brach.

That same analysis dictates the selfsame conclusion as to "the prevention of multiplicity, vexation and harassment," all of which will best be accomplished by dismissal of the present action and the litigation of the parties' quarrels in the first-filed lawsuit. Similarly, "the likelihood of obtaining complete relief in the foreign jurisdiction" was and is readily available to Brach by bringing Ducamex and Redmond into the litigation there.[4] Finally, "the res judicata effect of a foreign judgment in the local forum" is really a nonissue where dismissal rather than stay is under consideration, for a final judgment in the California action on all of the disputes between the parties will obviate the need for any further litigation.

There is no need to labor the matter further. California is the eminently suitable

---

4. Although the stipulation offered by defense counsel does not literally cover such joinder (it speaks of Quality only), its reasonable implication is that it would also extend to joining the other two parties as a voluntary matter. That however is not essential to the current decision.

locale for the resolution of the parties' differences—more suitable than Illinois, for California is closer to the situs of performance (or nonperformance) of the transaction between the parties, while Illinois' primary connections are pretty much limited to part (not all) of the negotiation of that transaction.[5] This is clearly a case where Section 2–619(a)(3) should be adhered to in accordance with its terms.

### Conclusion

In accordance with the clear directive of Section 2–619(a)(3) as construed and applied by the Illinois courts, and by the Illinois-sited federal courts under *Erie v. Tompkins* principles, this action is dismissed (without prejudice, of course). That moots defendants' alternative requests for a stay or for the 28 U.S.C. § 1404(a) transfer of this action.

---

**5.** In the parties' submissions as to the "convenience of witnesses" component of the alternative relief of a 28 U.S.C. § 1404(a) transfer, defendants have all the better of it.