VICTORIA RANSOM, Plaintiff-Appellant, v. R. ANTHONY MARRESE, Defendant-Appellee.

Fifth District  No. 5—85—0758

Opinion filed October 6, 1986.—Rehearing denied January 6, 1987.

Roger C. Denton, of Kassly, Bone, Becker, Dix & Tillery, P.C., of Belleville, for appellant.

Richard M. Roessler and Timothy S. Richards, both of Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Victoria Ransom, appeals from a judgment of the circuit court of Madison County dismissing her complaint with prejudice pursuant to sections 2—619(a)(1) and 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(a)(1), (a)(3)). The questions presented for our review are: (1) whether the proposed complaint previously filed by plaintiff with the Indiana Commissioner of Insurance in accordance with the Indiana Medical Malpractice Act (Ind. Code Ann. sec. 16—9.5—1—1 *et seq.* (Burns 1983)) constitutes "another action pending between the same parties for the same cause" within the meaning of section 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)), and (2) whether compliance with the medical-review-panel procedure set forth

in chapter 9 of the Indiana Medical Malpractice Act (Ind. Code Ann. sec. 16—9.5—9—1 *et seq.* (Burns 1983)) is a prerequisite to plaintiff's right to bring a medical malpractice action in Illinois for acts or omissions which occurred in the State of Indiana. For the reasons which follow, we answer both questions in the negative. We therefore reverse and remand for further proceedings.

The facts underlying this appeal are not in dispute. Plaintiff filed a two-count complaint against defendant, Dr. R. Anthony Marrese, in the circuit court of Madison County, Illinois, for damages she sustained when defendant performed surgery on her spine which she contends was unnecessary. Count I of plaintiff's complaint sounds in negligence. Count II alleges that defendant intentionally misrepresented to plaintiff both her condition and the need for surgery to correct that condition. The acts or omissions for which plaintiff seeks to impose liability on defendant took place at Deaconess Hospital in Evansville, Indiana. At the time of these acts or omissions, defendant was a resident of the State of Indiana. Plaintiff apparently was, or became, a Kentucky resident. Both plaintiff and defendant currently reside in Illinois.

Plaintiff's complaint was filed on May 22, 1985. On May 29, 1984, however, plaintiff had filed a "proposed complaint" for medical malpractice with the Indiana Commissioner of Insurance in accordance with the Indiana Medical Malpractice Act (Ind. Code Ann. sec. 16—9.5—1—1 *et seq.* (Burns 1983)). That statute provides, *inter alia*, that medical malpractice claims must be submitted to a medical review panel and the panel must render an opinion before the claim may be pursued in court. See Ind. Code Ann. sec 16—9.5—9—1 (Burns 1983).

Plaintiff's "proposed complaint" averred the same basic facts as count I of her present action but sought recovery not only against defendant, Dr. Marrese, but also against Deaconess Hospital, where the alleged malpractice took place, and Dr. Albert Riss, another physician who treated her and participated in performing the surgery on her spine. The "proposed complaint" was based solely on negligence. No claim was made for intentional misrepresentation. The complaint was ultimately to be filed in the United States District Court for the Southern District of Indiana and would have invoked that court's diversity jurisdiction under 28 U.S.C.A. sec. 1332 (West Supp. 1986).

Defendant moved for involuntary dismissal of plaintiff's complaint under sections 2—619(a)(1) and 2—619(a)(3) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—619(a)(1), (a)(3)) on the following grounds:

> "1. That there is another action pending between the same parties for the same cause of action in the State of Indiana.

2. That this Court does not have jurisdiction of the subject matter of this action for the reason that under the Indiana Medical Malpractice Statute, no action against a health care provider may be commenced before the claimant's proposed Complaint has been presented to a medical review panel and an opinion rendered by that panel."

The circuit court granted defendant's motion, relying on each of these grounds. Plaintiff's motion to reconsider was denied, and plaintiff now appeals.

■ Plaintiff first argues that the circuit court erred in applying section 2—619(a)(3) to dismiss her complaint because there is not "another action pending between the same parties for the same cause" as required by that provision. We agree. The "proposed complaint" filed by plaintiff with the Indiana Commissioner of Insurance for submission to a medical review panel under Indiana law is based on substantially the same underlying facts or issues as the complaint at issue here, and the parties' interests in each proceeding are sufficiently similar, even though those parties are not identical. The "same cause" and "same parties" elements of section 2—619(a)(3) are therefore satisfied. (See *La Salle National Bank v. Helry Corp.* (1985), 136 Ill. App. 3d 897, 906, 483 N.E.2d 958, 964; *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 332-33, 454 N.E.2d 1078, 1082-83.) What is absent is the pendency of another "action."

In law, the word "action" is commonly understood to mean a formal proceeding in a court of justice. (See Black's Law Dictionary 26 (5th ed. 1979); 1A C.J.S. *Actions* secs. 2, 3 (1985).) Although the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 1—101 *et seq.*) does not itself expressly define the term, even a cursory review of the Code's provisions reveals that it has adopted the same, basic definition. Indeed, of the numerous references to "actions" in the Code, we have not found a single instance in which the term is used to mean anything other than a formal court proceeding. There is no dispute that the medical-review-panel process initiated by plaintiff in Indiana by the filing of her "proposed complaint" with the Indiana Commissioner of Insurance is not such a formal court proceeding, nor is there any suggestion in the record that her "proposed complaint" has ever been submitted to any court of law. Under these circumstances, we must conclude that the Indiana proceeding does not constitute another pending "action" within the meaning of section 2—619(a)(3) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)).

Defendant urges us to reject this conclusion, arguing that "action" should be interpreted to embrace more than just "judicial action," but

he has been unable to cite any Illinois authority to support such an interpretation. Our independent research has disclosed one case which assumed, without expressly deciding, that a proceeding before the Illinois Human Rights Commission, an administrative body, constituted an "action" within the meaning of the predecessor statute to section 2—619(a)(3), justifying dismissal of litigation commenced in the circuit court which involved substantially the same cause and sufficiently similar parties. (*Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 454 N.E.2d 1078.) Even if we were to agree with this decision, however, it would nevertheless be of no aid to defendant here.

The Illinois Human Rights Commission is authorized to decide the merits of complaints filed with it under the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 1—101 *et seq.*). (See Ill. Rev. Stat. 1985, ch. 68, pars. 8—102, 8—106, 8—107.) It is empowered to grant an array of remedies (see Ill. Rev. Stat. 1985, ch. 68, par. 8—108) and to impose a variety of penalties (see Ill. Rev. Stat. 1985, ch. 68, par. 8—109), and its orders are enforceable through court action (See Ill. Rev. Stat. 1985, ch. 68, par. 8—111(B)). In view of these characteristics, we understand *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 454 N.E.2d 1078, to mean that section 2—619(a)(3) requires at least that the other pending proceeding be one which will finally adjudicate a controversy on the merits, as would litigation in circuit court. To allow dismissal under a lesser standard would be contrary to the purpose of section 2—619(a)(3), which is to avoid duplicative litigation (*W. R. Grace & Co. v. Beker Industries, Inc.* (1984), 128 Ill. App. 3d 215, 222, 470 N.E.2d 577, 583), for if a proceeding will not finally decide the merits of a cause, it will in no sense duplicate an action in circuit court.

■ The medical-review-panel proceedings set forth in the Indiana Medical Malpractice Act (Ind. Code Ann. sec. 16—9.5—1—1 *et seq.* (Burns 1983)) do not meet the standard. As the Indiana Supreme Court held in *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 388-90, 404 N.E.2d 585, 595-96:

> "The medical review panel does not adjudicate the merits of the claim. The filing of a proposed complaint with the commissioner pursuant to Ind. Code sec. 16—9.5—9—1, and the delivery of copies thereof to the health care providers named in the complaint would not give any court personal jurisdiction over the named defendants.
>
> * * *
>
> The scope of the panel's function is limited. It does not conduct a hearing or trial and does not render a decision or judgment."

The panel's purpose is simply to "conduct a rational inquiry into the source and extent of the patient's injury for the purpose of forming its expert medical opinion." (*Whitaker v. St. Joseph's Hospital* (Ind. Ct. App. 1981), 415 N.E.2d 737, 746.) We have found nothing in the Indiana statute which obligates a plaintiff to litigate a claim in court after the panel's opinion is rendered. Accordingly, the circuit court here erred in concluding that the proceedings instituted by plaintiff under the Indiana statute barred her malpractice action in Illinois under section 2—619(a)(3) of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)).

■ Plaintiff contends that the circuit court further erred in concluding that because she had not first obtained an opinion from a medical review panel as provided by the Indiana Medical Malpractice Act prior to filing her complaint in Illinois, her complaint must be dismissed for lack of subject matter jurisdiction under section 2—619(a)(1) of our Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(1)). This contention is well taken for three reasons.

First, the provisions of the Indiana Medical Malpractice Act, including those pertaining to medical review panels, do not apply to claims against all physicians and other health-care providers. The Act governs only malpractice claims by patients against health-care providers who qualify thereunder. (See Ind. Code Ann. secs. 16—9.5—1—5, 16—9.5—9—1 (Burns 1983).) A health-care provider who fails to so qualify is therefore not covered by the Act and is subject to liability without regard to the Act's provisions. (Ind. Code Ann. sec. 16—9.5—1—5 (Burns 1983).) Correspondingly, the patient's right of action will, under such circumstances, be subject only to the same statutes as other tort claimant's actions. Note, *Constitutionality of the Indiana Malpractice Act: Re-evaluated*, 19 Val. U.L. Rev. 493, 496 n.2 (1985).

To be qualified under the Act, a health-care provider or his insurance carrier must file with the Indiana Commissioner of Insurance proof of financial responsibility and pay an annual surcharge. (Ind. Code Ann. secs. 16—9.5—2—1, 16—9.5—4—1 (Burns 1983).) Plaintiff's complaint is silent as to whether defendant meets these requirements. Where, as here, the grounds upon which a motion to dismiss is based do not appear on the face of a complaint, those grounds must be raised in a supporting affidavit. (*Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 521, 452 N.E.2d 1383, 1391.) Defendant, however, has filed nothing which indicates whether he has complied with the Act. Plaintiff's "proposed complaint" is not dispositive because we know nothing more about the document than that it was submitted to the Indiana Commissioner of Insurance. It does not on its face allege that

defendant is a covered health-care provider, and the record contains no suggestion as to what, if any, action was taken on it. Defendant has therefore failed to demonstrate that the medical-review-panel procedure has any relevance at all to the controversy between these parties.

Second, the Act does not purport to mandate compliance with the medical-review-panel procedures as a prerequisite to suit except where suit is to be brought in an Indiana court. Section 16—9.5—9—2 of the Act (Ind. Code Ann. sec. 16—9.5—9—2 (Burns 1983)) provides simply:

> "No action against a health care provider may be commenced *in any court of this state* before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this chapter and an opinion is rendered by the panel." (Emphasis added.)

The language of this statute is clear and unambiguous. Under Indiana principles of statutory construction, a court need not and cannot subject that language to judicial interpretation, nor may the court substitute language which it believes the legislature intended. Rather, the court's duty is to give effect to the plain and ordinary meaning of the words used. (*Indiana Department of State Revenue v. Estate of Smith* (Ind. Ct. App. 1984), 460 N.E.2d 1263, 1265.) In accordance with these principles, we must hold that the medical-review-panel procedure is inapplicable where, as here, the complaint is not filed in Indiana but with a court of the State of Illinois.

Defendant argues that such a result will thwart the legislative purpose of the Act. As the Indiana courts have recognized, however, the goal of the Act is to provide some measure of protection to health-care providers for malpractice claims in order to preserve the availability of health-care services in Indiana and thus protect the health of the citizens of that State. (See *Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 392-93, 404 N.E.2d 585, 597; *Detterline v. Bonaventura* (Ind. Ct. App. 1984), 465 N.E.2d 215, 218.) We fail to see how this goal will be advanced by requiring compliance with the medical-review-panel process in a case such as this, where, according to the record, both the plaintiff-patient and defendant-physician are now residents of Illinois, and the defendant-physician has already moved his practice from Indiana to Illinois.

Finally, the medical-review-panel provisions of the Indiana Medical Malpractice Act (Ind. Code Ann. sec. 16—9.5—1—1 *et seq.* (Burns 1983)) are essentially procedural rather than substantive in nature. As defined by our supreme court, "[p]rocedure is the machinery for carrying on the suit, including pleading, process, evidence and practice, whether in the trial court, or in the process by which causes are carried

to the appellate courts for review, or in laying the foundation for such review." (*Ogdon v. Gianakos* (1953), 415 Ill. 591, 596, 114 N.E.2d 686.) It includes those legal rules "which direct the course of proceedings to bring parties into court and the course of the court after they are brought in." (415 Ill. 591, 596, 114 N.E.2d 686.) The Indiana medical-review-panel provisions constitute such rules. As our previous discussion has indicated, those provisions do not create or define substantive rights. They merely establish an obligatory method for obtaining an expert medical opinion as a precondition to filing suit in the courts of Indiana. *Cf. Reichelderfer v. Illinois Central Gulf R.R.* (N.D. Miss. 1981), 513 F. Supp. 189, 193.

Although the question of whether a rule is procedural or substantive must be determined according to the law of Illinois, the forum State (*Millsap v. Central Wisconsin Motor Transport Co.* (1963), 41 Ill. App. 2d 1, 15-16, 189 N.E.2d 793), we note that the Indiana courts have likewise construed the medical-review-panel provisions to be in the nature of a procedural prerequisite to bringing a medical malpractice action in that State. (See *Methodist Hospital of Indiana, Inc. v. Rioux* (Ind. Ct. App. 1982), 438 N.E.2d 315, 317 n.3; *Warrick Hospital, Inc. v. Wallace* (Ind. Ct. App. 1982), 435 N.E.2d 263, 268.) Indeed, in upholding the constitutionality of these provisions, the Indiana Supreme Court has likened them to such other procedural barriers to access to the courts as prepayment of court costs or proof of indigency and compelling a plaintiff "to have a written complaint and prepared summonses at the time of filing suit." (*Johnson v. St. Vincent Hospital, Inc.* (1980), 273 Ind. 374, 389, 404 N.E.2d 585, 595.) Because the Indiana medical-review-panel provisions are thus procedural in nature they do not govern actions in the courts of this State. The reason is clear: under Illinois conflict-of-law principles, the procedural rules of another jurisdiction do not control Illinois court proceedings and will not be followed here, even if the law of the foreign jurisdiction is otherwise applicable. See *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 329-30, 239 N.E.2d 799, 801; *Mudd v. Goldblatt Brothers, Inc.* (1983), 118 Ill. App. 3d 431, 435-36, 454 N.E.2d 754, 757.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and plaintiff's cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS and WELCH, JJ., concur.