ILLINOIS CENTRAL GULF RAILROAD COMPANY, Plaintiff-Appellant, v. CHARLES W. GOAD, Defendant-Appellee.

Fourth District   No. 4—87—0698

Opinion filed April 21, 1988.

David B. Potter, of Oppenheimer, Wolff & Donnelly, of Chicago, and Timothy J. Forman, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Urbana, for appellant.

M. Melinda Sanderson, of Kujawski, Rosen & Faerber, of Belleville, for appellee.

JUSTICE LUND delivered the opinion of the court:

On September 8, 1987, the circuit court of Champaign County dismissed the complaint for declaratory relief filed by plaintiff Illinois Central Gulf Railroad Company against defendant Charles W. Goad. Plaintiff appeals. We affirm.

Plaintiff's complaint for declaratory relief arises out of alleged injuries defendant received while working for plaintiff. The complaint alleges that on December 12, 1986, plaintiff made an offer to settle the claim for injuries, and defendant knowingly and voluntarily accepted the offer. The settlement would provide monetary relief for defendant without plaintiff admitting any liability, and defendant would release plaintiff from any further claims from the injury. It is alleged defendant was to sign a written agreement to that effect on December 15, 1986. It is further alleged that on that date plaintiff was ready to perform its part, but defendant refused to sign the appropriate papers. It finally alleges that on February 20, 1987, plaintiff

received an attorney lien letter regarding defendant's injuries, which is a breach of the December 12 agreement. Plaintiff's complaint asks the court to declare that a binding and enforceable settlement agreement exists.

On April 6, 1987, defendant filed a motion to dismiss. The motion averred that defendant had filed a complaint in Federal court against plaintiff for damages resulting from defendant's injury pursuant to the Federal Employers' Liability Act (45 U.S.C. §§51 through 59 (1982)). It further stated that the alleged settlement agreement is a defense to defendant's claim and must be pleaded accordingly. Therefore, it asked plaintiff's action be dismissed. On September 8, after hearing argument, the court granted defendant's motion. This appeal followed.

■■ ■ The trial court did not enter a written order, relying instead on a docket entry which provided that the action was dismissed due to the action pending in Federal court. Accordingly, the parties have argued a number of different theories in support of their respective positions. It is settled that a reviewing court can uphold a dismissal on any grounds appearing in the record. (*McGrew v. Heinold Commodities, Inc.* (1986), 147 Ill. App. 3d 104, 115, 497 N.E.2d 424, 432.) In this case, our review establishes the court's dismissal order is a proper application of section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619).

Section 2—619 provides, in relevant part:

"Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds.

\* \* \*

(3) That there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3).)

This section refers to "the same cause," and not the same "cause of action"; actions are for "the same cause" where relief is requested on substantially the same set of facts. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428, 429, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562; *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 198, 434 N.E.2d 31, 34.) The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof, or relief sought materially differ between the two actions. (*Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 867, 414 N.E.2d 533, 535; *Catalano*, 105 Ill. App. 3d at 198, 434 N.E.2d at 34.) Even though the

purpose of the two actions is not identical, section 2—619(a)(3) of the Code may be invoked where there is a substantial similarity of issues between them. *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 255, 357 N.E.2d 534, 538; *Tambone*, 91 Ill. App. 3d at 867, 414 N.E.2d at 535.

■ The fact that one action is filed prior to the other is not determinative to application of this section. (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 26-27.) This section's purpose is to foster orderly procedure by preventing a multiplicity of actions (*People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, 290, 215 N.E.2d 806, 809), and the court's analysis should be geared toward effectuating that purpose. (*Staley*, 84 Ill. 2d at 252, 419 N.E.2d at 27.) Granting or denying dismissal on the basis of section 2—619(a)(3) of the Code is a matter addressed to the sound discretion of the court (*Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 332, 454 N.E.2d 1078, 1082) and will not be reversed on appeal absent an abuse of that discretion.

Plaintiff argues the court improperly dismissed the present case because this case and the Federal case are not "for the same cause." It asserts the present case is based on a contract theory, and the evidence presented will address whether an offer and acceptance occurred on December 12, 1986, creating an oral contract. Meanwhile, it asserts the Federal case is a Federal Employers' Liability Act action, and the evidence will address whether defendant suffered injury while in plaintiff's employment, the extent of the injury, and damages to be recovered. Therefore, it asserts relief is not requested on substantially the same set of facts, and the cases do not arise out of the same transaction.

We do not believe section 2—619(a)(3) is to be applied so restrictively. In its prayer for relief in this case, plaintiff asked the court to declare that a binding and enforceable settlement agreement existed and to declare that, due to the tender of the settlement amount to defendant, plaintiff is fully and completely discharged from any claims concerning the injury in question. It is clear the sole purpose of this case is to create a defense to defendant's action under the Federal Employers' Liability Act. Further, it is also clear that whatever the outcome of this case on the merits, the prevailing party would use that result in the Federal action. If the court found a settlement occurred, plaintiff would use that finding as a defense in the Federal case. Similarly, if no settlement was found, defendant would use that finding to preclude plaintiff from raising that defense in the Federal case. Plaintiff is correct that in the present case there is no need for

evidence concerning defendant's injuries. However, for us to hold the cases do not arise from the same occurrence would be contrary to common sense and defeat the purpose of the section.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.