5 May 2000

No. 3--99--0837 

consolidated with 3--99--0838 thru 3--99--0867 

                                                                 

 

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1999

THE VILLAGE OF MAPLETON, ) Appeal from the Circuit Court

Plaintiff-Appellee, ) of the 10th Judicial Circuit,

 ) Peoria County, Illinois

v. ) No. 99-OV-291 consolidated

 ) with 99-OV-292 thru 99-OV-2065

CATHY’S TAP, INC., d/b/a ) 

Shooters, and SERENA ) Honorable

KEMPER, ) Glenn H. Collier 

Defendants-Appellants. ) Judge, Presiding

                                                                 

JUSTICE BRESLIN delivered the opinion of the court:

                                                                  
 

Defendants Cathy’s Tap, Inc., d/b/a Shooters (Cathy’s Tap), and Serena Kemper appeal from the trial court’s refusal to stay an action filed against them by the Village of Mapleton (Village).  On appeal, Cathy’s Tap contends that the trial court abused its discretion by refusing to grant the stay in light of a suit pending in federal court in which Cathy’s Tap challenges the constitutionality of the Village ordinance under which it was charged.  We agree and hold that a federal action testing the constitutionality of a new municipal ordinance and the municipality’s subsequently filed prosecution of that ordinance constitute the "same cause" for purposes of a motion to stay under section 2-619(a)(3) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(3) (West 1998)).  As such, this is a case in which comity requires that the state court action be stayed pending the outcome of the federal district court proceedings.

FACTS

Cathy’s Tap is a retail liquor licensee that employs nude female dancers through its alter-ego, Shooters, Inc.  The Village amended its liquor license ordinance to make it unlawful to sell liquor by the drink in conjunction with an "adult use" without an adult establishment license. Village of Mapleton Ordinance 98-02 (1998).  The definition of "adult use" includes nonobscene live nude dancing.  Village of Mapleton Ordinance 98-02 (1998). Cathy’s Tap challenged the constitutionality of the ordinance within three months of its passage.  Approximately four months later, the Village filed 18 citations against Cathy’s Tap, alleging violations of this new ordinance.

Cathy’s Tap filed a motion to stay the state action under section 2-619(a)(3) due to the federal court action that was pending.  The trial court denied the motion, finding that the state and federal actions do not arise out of the same transaction or occurrence. 

ANALYSIS

Section 2-619(a)(3) of the Code provides that a defendant may seek a dismissal or a stay on the ground that there is another action pending between the same parties for the same cause. 735 ILCS 5/2-619(a)(3) (West 1998); 
Kellerman v. MCI Telecommunications Corp.
, 112 Ill. 2d 428, 493 N.E.2d 1045 (1986).  Section 2-

619(a)(3) is an inherently procedural device aimed at avoiding duplicative litigation (
Miller v. Thomas
, 275 Ill. App. 3d 779, 656 N.E.2d 89 (1995)) and it should be construed liberally. 
Kapoor v. Fujisawa Pharmaceutical Co.
, 298 Ill. App. 3d 780, 699 N.E.2d 1095 (1998).  The trial court’s decision on a section 2-619(a)(3) motion may be upset on appeal only if the decision constitutes an abuse of discretion. 
Arthur Young & Co. v. Bremer
, 197 Ill. App. 3d 30, 554 N.E.2d 671 (1990).  

The Village does not contend that the federal and state cases do not involve the same parties.  Rather, the Village confines its argument to asserting that the federal and state cases do not involve the same cause.

Two actions are for the same cause when the relief requested is based on substantially the same set of facts. 
Terracom Development Group, Inc. v. Village of Westhaven
, 209 Ill. App. 3d 758, 568 N.E.2d 376 (1991).  The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions. 
Tambone v. Simpson
, 91 Ill. App. 3d 865, 414 N.E.2d 533 (1980).  Furthermore, the purpose of the two actions need not be identical; rather, there need only be a substantial similarity of issues between them. 
People ex rel. Phillips Petroleum Co. v. Gitchoff
, 65 Ill. 2d 249,357 N.E.2d 534 (1976). 

One case that we find instructive on how to apply these principles is 
Illinois Central Gulf R.R. Co. v. Goad
, 168 Ill. App. 3d 541, 522 N.E.2d 845 (1988).   The parties in 
Illinois Central
 reached a verbal settlement over a dispute between them, but plaintiff refused to sign the written settlement agreement.  The dispute involved injuries the defendant sustained while working for plaintiff.  Defendant filed a state action, seeking a declaration that the verbal agreement was binding.  The circuit court dismissed the state action in favor of a prior action pending between the parties in federal court.  Defendant had filed the federal action against plaintiff under the Federal Employers’ Liability Act (45 U.S.C. §§51 through 62 (1982)).  

While affirming the circuit court’s decision under section 2-

619(a)(3), the appellate court reasoned that, regardless of the outcome of the state action, the prevailing party would use that result in the federal action. 
Illinois Central
, 168 Ill. App. 3d at 544, 522 N.E.2d at 847-48.  Accordingly, the appellate court further stated that to hold the cases do not arise from the same occurrence would be contrary to common sense and defeat the purpose of section 2-619(a)(3). 
Illinois Central
, 168 Ill. App. 3d at 545, 522 N.E.2d at 848. 

Although not decided under section 2-619(a)(3) of the Code, we are also persuaded by the logic of 
Ruppel v. Ramseyer
, 33 F. Supp. 2d 720 (C.D. Ill. 1999).  In 
Ruppel
, defendant was arrested in a hospital following an automobile accident.  He was charged with driving under the influence of alcohol.  Defendant brought an action in federal court under section 1983 of Title 42 of the United States Code (42 U.S.C. §1983 (1994)), alleging that the arresting officer, a physician, a nurse and the hospital violated her rights, secured by the state and federal constitutions, because, among other things, the arrest was not supported by probable cause.  The federal district court stayed defendant’s section 1983 suit, reasoning that a final determination by the state appellate court as to whether probable cause existed for the arrest would estop defendant from claiming that the arrest was without probable cause in the federal court. 
Ruppel
, 33 F. Supp. 2d at 725. 

The reasoning employed by the courts in 
Ruppel
 and 
Illinois Central
 is equally persuasive here.  It is clear that the party who prevails in the federal action will use that judgment in the state court proceeding.  Crucial to both proceedings is the constitutionality of the Village ordinance.  If the ordinance is unconstitutional, then the Village’s action must fail.  If the ordinance is constitutional, then the Village must be allowed to proceed with its prosecution under the ordinance.  To the extent that both actions involve the constitutionality of the ordinance, the proof elicited in each case would be the same.  Consequently, we hold that the federal action testing the constitutionality of the ordinance and the Village’s prosecution of that ordinance are the "same cause" for purposes of a section 2-619 motion to stay.

Having so found, our analysis does not end.  When deciding whether to stay an action under section 2-619(a)(3), the court should consider the following factors: (1) comity; (2) the prevention of multiplicity, vexation and harassment; (3) the likelihood of obtaining complete relief in a foreign jurisdiction; and (4) the 
res
 
judicata
 effect of a foreign judgment on the local forum. 
In re M.K.
, 284 Ill. App. 3d 449, 672 N.E.2d 271 (1996).  Moreover, the trial court must weigh the prejudice to the nonmovant if the motion is granted against the policy of avoiding duplicative litigation. 
Kapoor
, 298 Ill. App. 3d at 786-87, 699 N.E.2d at 1100.   Because the trial court determined that the state and federal cases did not involve the same causes of action, it necessarily did not reach these factors.  Because we disagree with the trial court, we now address them.

In this case, comity is served by issuing the stay in that our state court system will be granting deference to the federal court’s expertise in interpreting the constitution.
(footnote: 1)  In addition, multiplicity is avoided because proof of the alleged unconstitutionality of the ordinance need not be presented in both the federal and state fora, and the chance of conflicting judgments will be removed.  Moreover, while the Village is vexed by its inability to proceed against Cathy’s Tap, the impediment will only be temporary if the ordinance is found to be constitutional.  Furthermore, because the constitutionality of the ordinance will be tested, the chance for harassment of Cathy’s Tap in being prosecuted under an unconstitutional law will be neutralized.   

Regarding the third factor, the Village argues that it would be denied relief in federal court because the federal court could not exercise pendent claim jurisdiction over its claims against Cathy’s Tap for violating the ordinance.  While this is true, the state action is not being dismissed, but stayed.  Thus, if the ordinance is found to be constitutional, the stay will be lifted and the Village will be able to proceed in state court.  Finally, as Cathy’s Tap concedes, the outcome of the federal action will have 
res
 
judicata
 effect on the question of the constitutionality of the ordinance.  For all of these reasons, any prejudice to the Village caused by granting the stay is far outweighed by the chance to avoid the duplicative litigation.  

Another case that involved the application of these factors is 
People ex rel. Department of Public Aid v. Santos
, 92 Ill. 2d 120, 440 N.E.2d 876 (1982).  In 
Santos
, defendants brought a class action suit in federal court against two officials of the Illinois Department of Public Aid (Department), challenging the Department’s practice of demanding that public aid recipients execute promissory notes for overpayment of benefits.  Defendants alleged that the practice was violative of federal law and unconstitutional.  The Illinois Attorney General later brought suit in state court, seeking collection upon the promissory notes.  The state court dismissed the Attorney General’s suits under what is now section 2-

619(a)(3)(formerly Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)).

On direct appeal, the supreme court reversed the dismissal and held that the appropriate action was to stay the state court proceedings. 
Santos
, 92 Ill. 2d at 130, 440 N.E.2d at 880.  While the court did not discuss the factors individually, it specifically relied on the possibility that the outcome of the federal action could be dispositive of the state actions and that staying the state actions would remove the chance of conflicting judgments. 
Santos
, 92 Ill. 2d at 130-31, 440 N.E.2d at 881.  So too in this case, the outcome of the federal suit could be fatal to the state action, and, as stated earlier, by staying the state court proceeding we have quelled the possibility of conflicting judgments.    

Based on the preceding discussion, the judgment of the circuit court of Peoria County is reversed and the cause is remanded to the circuit court with directions for the entry of an order staying the state action pending the completion of the federal district court proceedings.

Reversed and remanded with directions.

HOMER and LYTTON, JJ., concur.

FOOTNOTES
1:  We note that the substantive constitutional issue presented by this case has very recently been revisited by the Supreme Court in 
City of Erie v. Pap’s A.M.
, __ U.S. __, __ L. Ed. 2d __, 120 S. Ct. 1382 (2000).