THIRD DIVISION

                                  Date Filed: June 19, 2002

No. 1-00-0334

OVERNITE TRANSPORTATION COMPANY,       ) Appeal from the 

                                       ) Circuit Court of

         Plaintiff-Appellant,          ) Cook County.

                                       )

         v.                            ) 

                                       )

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,) 

CHAUFFEURS, WAREHOUSEMEN and HELPERS OF)                          AMERICA, AFL-CIO, and TEAMSTERS LOCAL  ) No. 99 L. 007779          UNION NOS. 41, 120, 135, 414, 705, 710,)

714 and 781, Affiliated with the       )

INTERNATIONAL BROTHERHOOD OF TEAMSTERS,)

CHAUFFEURS, WAREHOUSEMEN and HELPERS OF)

AMERICA, AFL-CIO, PHILLIP YOUNG, RONALD)

FOSTER, WALTER A. LYTLE, ROBERT        )

KRUEZER, WILLIAM HOGAN, JR., ROBERT    )

VICKNEY, JOHN MURPHY, DANE PASSO,      )

PATRICK FLYNN, JOSEPH BERNSTEIN, KEVIN ) Honorable 

MOORE, DAVID CAMERON, and JOHN DOES    ) Diane Larsen,

THROUGH 250,                           ) Judge Presiding.

                                       )

          Defendants-Appellees.        )

     PRESIDING JUSTICE HALL delivered the opinion of the court:

     The plaintiff, Overnite Transportation Company (Overnite) filed a complaint seeking damages for trespass, tortious interference with existing and prospective business relationships and civil conspiracy against the defendants, the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, Teamsters Local Union Numbers 41, 120, 135, 414, 705, 710, 714 and 781, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO, certain named officers and agents and unknown individuals.  The circuit court dismissed the suit pursuant to section 2-619(a)(3) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(3) (West 1998)).  Overnite filed this timely appeal.   

     
After the briefs were filed in this case, the defendant-appellees filed a motion requesting oral argument which we
 
ordered taken with the case.  Subsequently, this court allowed oral argument in this case.  We therefore strike the motion requesting oral argument as moot.  We now turn to the merits of this appeal.

     On July 14, 1999, Overnite filed the instant complaint against the defendants in the circuit court of Cook County.  It is not disputed that, prior to filing the complaint, on June 15, 1999, Overnite filed an unfair labor practice charge with the National Labor Relations Board (NLRB) based upon the same facts that it set forth in the complaint filed in this case.  Other   factual allegations pertinent to our review are taken from the complaint and are set forth below
.

     Overnite is a common carrier engaged in the interstate transportation of freight and maintains a freight service center in Bedford Park, Illinois.  Beginning in the fall of 1994, the defendants engaged in efforts to organize Overnite's freight-handling employees and to gain collective bargaining agreements for various separate units of Overnite's employees.  Sometime prior to June 14, 1999, the defendants conspired to commit various tortious and criminal acts against Overnite and its employees to force them to accept union representation and a Teamster contract.  On June 15, 1999, the defendants, some armed with axe handles disguised as picketing posters, arrived at Overnight's Bedford Park facility, where they forced their way into the facility, injured security persons and marched around the facility making obscene gestures and shouting obscenities and threats at Overnite employees who refused to support them.  After some 20 to 30 minutes, the defendants left the facility but threatened to return and repeat their unlawful acts unless Overnite and its employees capitulated to their demands.

     The defendants filed a motion to dismiss Overnite's complaint.  Specifically, the defendants alleged that the complaint should be dismissed pursuant to section 2-619(a)(3) of the Code, which provides as follows:

"(a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. ***

***

(3) That there is another action pending between the same parties for the same cause."  735 ILCS 5/2-619(a)(3) (West 1998).

     The sole issue on appeal is whether the circuit court erred in dismissing Overnite's complaint pursuant to section 2-619(a)(3).

I.  Standard of Review

     Generally, a court of review applies a 
de
 
novo
 standard to a motion to dismiss because the motion does not require the trial court to weigh facts or determine credibility.  
Hapag-Lloyd (America), Inc. v. Home Insurance Co.
, 312 Ill. App. 3d 1087, 1090, 729 N.E.2d 36, 39 (2000). 
 However, when such a motion to dismiss is inherently procedural, such as a section 2-619(a)(3) motion seeking dismissal because another action is pending between the parties or the same cause, the motion urges the trial court to weigh several factors to determine if it is appropriate for the action to proceed.  
Hapag-Lloyd
, 312 Ill. App. 3d at 1090, 1096, 729 N.E.2d at 39, 43.   Where the trial court has weighed the factors in determining whether to grant a dismissal or stay of the proceedings, the trial court's decision is reviewed under an abuse of discretion standard.  See 
Hapag-Lloyd
, 312 Ill. App. 3d at 1090-91, 729 N.E.2d at 39.

     The record in this case reveals that the circuit court based its decision on the factors it believed that it was required to consider.  Therefore, we will review the circuit court's decision under the abuse of discretion standard.
(footnote: 1)
II.  Analysis

     Section 2-619(a)(3) is designed to avoid duplicative litigation and is to be applied to carry out that purpose.  
Kellerman v. MCI Telecommunications Corp.
, 112 Ill. 2d 428, 447, 493 N.E.2d 1045, 1053 (1986).  Pursuant to section 2-619(a)(3), the defendant may move for a dismissal or stay of the action.  
Kellerman
, 112 Ill. 2d at 447, 493 N.E.2d at 1053.  It is the burden of every section 2-619(a)(3) movant to demonstrate through clear and convincing evidence that the two actions involve both the same parties and the same cause.  
Hapag-Lloyd
, 312 Ill. App. 3d at 1091, 729 N.E.2d at 40.

A.  The NLRB Proceeding

     Overnite begins by contending that the NLRB proceeding is not an "action" within the meaning of section 2-619(a)(3).              Previous cases have not addressed this precise issue.  In fact, the Illinois Supreme Court has specifically declined to decide whether a proceeding before an administrative tribunal with the power to issue a final, binding and enforceable decision constitutes an "action" within the meaning of section 2-619(a)(3).  
Tumminaro v. Tumminaro
, 198 Ill. App. 3d 686, 692, 556 N.E.2d 293, 297 (1990); see  
Ransom v. Marrese
, 122 Ill. 2d 518, 530-31, 524 N.E.2d 555, 561 (1988).  

     In 
Ransom
, our supreme court held that a proceeding before a medical review board did not qualify as a judicial proceeding, 
i.e.
, its members were not judicial officers, no hearing or trial was conducted, and it did not render a decision or judgment on the merits.  
Ransom
, 122 Ill. 2d at 529, 524 N.E.2d at 560.  

     The 
Ransom
 court noted that in 
Cummings v. Iron Hustler Corp.
, 118 Ill. App. 3d 327, 454 N.E.2d 1078 (1983), the reviewing court had assumed, without expressly deciding, that a proceeding before the Illinois Human Rights Commission was an "action" under section 2-619(a)(3).  The court then noted the analysis in the appellate opinion in 
Ransom
 
(footnote: 2) wherein the appellate court, in finding that the medical review board proceeding did not qualify as an "action," distinguished the 
Cummings
 decision on the basis that the administrative agency in that case was authorized to render final, binding decisions which were enforceable through a court order and that the proceedings before it were similar to a judicial proceeding.  
Ransom
, 122 Ill. 2d at 529, 524 N.E.2d at 560.  

     Moreover, an agency is said to act in a judicial capacity when it provides:"'(1) representation by counsel, (2) pretrial discovery, (3) the opportunity to present memoranda of law, (4) examination and cross-examination at the hearing, (5) the opportunity to introduce exhibits, (6) the chance to object to evidence at the hearing, and (7) final findings of fact and conclusions of law.' [Citation.]" 
Weing v. Lockheed Environmental Systems & Technologies Co.
, 312 Ill. App. 3d 236, 239-40, 726 N.E.2d 645, 648 (2000).

     In an NLRB proceeding, when a complaint is issued based upon the filing of an unfair labor practices charge, the matter is first heard by an administrative law judge.  All of the parties, including the administrative law judge, have the power to call, examine and cross-examine witnesses and introduce evidence into the record.  29 C.F.R. §101.10 (1999).  After the hearing, the administrative law judge prepares a decision, making findings of fact and conclusions of law, and recommends what action should be taken in the case.  29 C.F.R. §101.11 (1999).  The NLRB then reviews the entire record and issues its decision, either adopting, modifying or rejecting the findings of the administrative law judge.  29 C.F.R. §101.12 (1999).  In the event that the NLRB's order is not complied with, or the NLRB determines that it is advisable to implement the order with a court judgment or a party wishes to challenge the NLRB's decision, petition for such relief may be made to the appropriate federal court.  C.F.R. §101.14 (1999).  Once an NLRB order has been enforced by a court judgment, the NLRB has the responsibility of obtaining compliance with that judgment.  29 C.F.R. §101.15 (1999). 

     Based on the above, we are of the opinion that an NLRB proceeding is similar to a judicial proceeding.

     Overnite argues that the 
Ransom
 court also refused to find the proceeding before the medical review board to be "an action" because of the delay in the review board's issuing of a decision.  
Ransom
, 122 Ill. 2d at 530, 524 N.E.2d at 561 (proposed complaint was still pending after three years); see also 
In re M.K.
, 284 Ill. App. 3d 449, 458, 672 N.E.2d 271, 277 (1996) (strongest argument against dismissing the state action under section 2-619(a)(3) was the lack of progress in the federal case).    
           
Overnite asserts that it took five months for a complaint to
 
be issued in the NLRB proceedings in this case and points to the number of time-absorbing procedural steps that must be taken before a final decision is reached.

     There is no indication in 
Ransom
 that the court would find that a proceeding which in every other way qualified as a judicial proceeding was not an "action" for purposes of section 2-619(a)(3) merely on the basis of the amount of time it took to reach a final decision.  The 
Ransom
 court specifically held that its construction of section 2-619(a)(3) "ensures that the controversy will be more speedily 
and finally determined
 
according to the substantive rights of the parties
. [Citation.]"  (Emphasis added.)  
Ransom
, 122 Ill. 2d at 530, 524 N.E.2d at 561.

Therefore, the number of procedural steps in an NLRB proceeding does not make it any less a judicial proceeding
.

     Based upon the foregoing, we conclude that the NLRB proceeding is an action under section 2-619(a)(3).

B.  The 
Kellerman
 Factors

     Overnite contends that even if this court determines that the NLRB proceeding constitutes an "action" under section 2-619(a)(3), the circuit court abused its discretion in dismissing its complaint.  

     In 
Kellerman
, our supreme court outlined four factors the court should consider in deciding whether a stay under section 2-619(a)(3) is warranted: comity; the prevention of multiplicity, vexation and harassment; the likelihood of obtaining complete relief in the foreign jurisdiction; and the 
res
 
judicata
 effect of a foreign judgment in the local forum.  
Kellerman
, 112 Ill. 2d at 447-48, 493 N.E.2d at 1053-54.  Overnite maintains that none of those factors support the dismissal of its complaint in this case.

     We observe, first, that this case involves a dismissal and not a stay.  However, subsequent cases have extended the  
Kellerman
 factors to section 2-619(a)(3) dismissals.  
Kapoor v. Fujisawa Pharmaceutical Co.
, 298 Ill. App. 3d 780, 789, 699 N.E.2d 1095, 1102 (1998).  We further note that courts are not required to apply the 
Kellerman
 factors.  
Kapoor
, 298 Ill. App. 3d at 789, 699 N.E.2d at 1102 (courts "should," not "must," consider 
them).  In fact, not all four 
Kellerman
 factors necessarily apply to each section 2-619(a)(3) dismissal.  
Kapoor
, 298 Ill. App. 3d at 789-90, 699 N.E.2d at 1102 (
res
 
judicata
 not a relevant consideration in the context of dismissal, as opposed to a stay, since after a dismissal, there is no remaining action to which 
res
 
judicata
 principles can be applied).

     This court has defined "comity" as "'giving respect to the laws and judicial decisions of other jurisdictions out of deference.' [Citation.]" 
Hapag-Lloyd
, 312 Ill. App. 3d at 1096, 729 N.E.2d at 43.  Since the inquiry does not focus on whether the causes of action are identical, if the two actions arose out of the same occurrence, the consideration of comity will not preclude a dismissal.  
Kapoor
, 298 Ill. App. 3d at 790, 699 N.E.2d at 1102.

     Overnite argues that maintaining both the NLRB action and its state complaint is neither a multiplicity of actions nor harassing to the defendants, since the focus of the NLRB action is relief for Overnite's employees while the state action seeks compensatory damages for the damages suffered by Overnite.  Overnite further argues that the NLRB action cannot afford it complete relief since the NLRB can only issue a cease and desist order in this type of case.  See 29 U.S.C.S. §160(c) (1992).  

     Two actions are for the same cause when the relief requested is based on substantially the same set of facts.  
Village of Mapleton v. Cathy's Tap, Inc.
, 313 Ill. App. 3d 264, 266, 729 N.E.2d 854, 856 (2000).  The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differs between the two actions.  
Village of Mapleton
, 313 Ill. App. 3d at 266, 729 N.E.2d at 856.  Furthermore, the purpose of the two actions need not be identical; rather, there need only be a substantial similarity of issues between them.  
Village of Mapleton
, 313 Ill. App. 3d at 266, 729 N.E.2d at 856.

     In the complaint issued by the NLRB in this case, the defendants were alleged to have engaged in mass picketing, trespassed on Overnite's property, inflicted injury on Overnite's security guards, damaged a vehicle belonging to an Overnite security guard and prohibited an Overnite employee from performing work by blocking his use of an Overnite vehicle.  The complaint further alleged that these acts restrained and coerced Overnite's employees in violation of the National Labor Relations Act (Act) (29 U.S.C.S. §151 
et
 
seq
. (1992)).

     The state court complaint filed in this case sought damages based upon the same conduct, 
i.e.
, the acts of trespass and battery and, in addition, sought damages for alleged tortious interference with business relationship and civil conspiracy based upon additional factual allegations not set forth in the NLRB complaint.

     In 
Kellerman
, the plaintiffs filed a state action alleging violations of the Illinois consumer protection statutes, as well as breach of contract and common law fraud.  The trial court denied the defendants' motion to stay the state action due to the pendency of a federal class action suit.  Subsequent to the trial court's denial of the stay, the federal district court dismissed the federal common law claims and referred the remaining claims to an administrative agency.  

     In affirming the denial of the stay, our supreme court stated as follows:     

     "This subsequent action in the Federal court is of no   consequence, because all of the reasons that the trial court  originally found persuasive in denying the stay are just as applicable, if not more so, now.  None of the counts remaining in the Federal action allege common law claims for fraud or breach of contract, or claims based on Illinois' deceptive trade and consumer fraud statutes, but relate only to whether defendant's failure to disclose its charges constitutes a violation of section 201(b) (47 U.S.C. sec. 201(b)) of the Communications Act.  The issue of whether defendant's failure to disclose certain charges is 'unjust or unreasonable' under section 201(b) of the Communications Act has no relevance as to whether defendant's failure to disclose those charges constituted fraud, a breach of contract, or a violation of Illinois' statutes.  While some of the same documentary evidence may be used in both cases, the lawsuits involve entirely different theories and litigation strategies."  
Kellerman
, 112 Ill. 2d at 448, 493 N.E.2d at 1054.

     In this case, the allegations in both actions arose from the same incident and are very similar.  The focus of both actions is the punishment for the defendants' activities undertaken to unionize Overnite's employees. Therefore, unlike 
Kellerman
, the issues of the NLRB complaint relate to the issues raised in the state complaint. 

     The dissent maintains that the trial court abused its discretion in dismissing the complaint because, at this stage of the proceedings, there is no way to know how quickly the NLRB will act and when it does act, whether it will provide complete
 
relief to Overnite. 

     The fact that the NLRB action will not provide complete relief to Overnite does not, in and of itself, prevent dismissal of the action.  In 
Kapoor
, the court rejected the plaintiff's argument that dismissal was improper because he could not bring his state action in federal court either as a permissive or compulsive counterclaim.  The court held that section 2-619(a)(3) was designed to prevent duplicative actions and that the central inquiry was "'not whether the legal theories or the relief sought materially differs between the two actions.' [Citation.]" 
Kapoor
, 298 Ill. App. 3d at 790, 699 N.E.2d at 1103; see 
Katherine M. v. Ryder
, 254 Ill. App. 3d 479, 627 N.E.2d 42 (1993) (the fact that the plaintiffs were unable to assert their state law claims in federal court was irrelevant to the determination of a section 2-619(a)(3) dismissal).

     Moreover, there is nothing in the record before us as to the  status of the NLRB proceedings.  Therefore, despite the dissent's concern, there is no basis in the record for concluding that there is or has been a lack of progress in the NLRB proceedings which would favor the denial of the dismissal motion in this case. 

     Finally, in exercising its discretion in ruling on a section 2-619(a)(3) motion, the court must weigh the prejudice to the nonmovant if the motion is granted against the policy of avoiding duplicative litigation.  
Kapoor
, 298 Ill. App. 3d at 785-86, 699
 
N.E.2d at 1100.  The only apparent prejudice to Overnite in this case is the inability to receive monetary compensation for the damage allegedly caused by the defendants.    

     
While Overnite was not restricted in its choice of forum
, 
once it chose to pursue the NLRB proceeding first, it was bound by the relief offered in that forum, which does not include monetary compensation.  Yet, as we previously noted, Overnite's inability to secure monetary compensation is irrelevant for purposes of a section 2-619(a)(3) dismissal. Thus, any prejudice to Overnite resulting from its inability to receive monetary damages is both of its own making and irrelevant to the determination of the section 2-619(a)(3) motion in this case. 

     The dissent points to the allegations of the complaint alleging the acts of violence against the Overnite employees and asserts that Illinois residents have a substantial interest in
 
how purported acts of labor violence are regulated.  However, what Overnite seeks in its complaint is not regulation but monetary compensation, which benefits only Overnite.  In the NLRB proceedings, the goal is to determine if such conduct constituted an unfair labor practice, and if it does, the NLRB can order a
 
cease and desist order to prevent such conduct in the future.  Such a determination benefits both Overnite and Illinois residents.  Contrary to the dissent's view, Overnite will not be left without any remedy.  

     In this case, the circuit court, exercising its discretion,
 
determined that in light of the pendency of the NLRB proceeding, dismissal of the state complaint was appropriate under section 2-619(a)(3).  The record reflects that the circuit court made its decision after hearing arguments by both parties based on the 
Kellerman
 factors.  

     In maintaining that the circuit court abused its discretion
 
by dismissing the complaint instead of ordering a stay pending the outcome of the NLRB proceeding, the dissent seemingly concedes that the 
Kellerman
 factors favored the defendants in this case.  Therefore, the dissent's only real quarrel is with the form of relief chosen by the circuit court in this case.  However, in this case, neither the defendants nor Overnite requested a stay of the proceedings as either primary or alternative relief.

     An abuse of discretion occurs, not when a reviewing court disagrees with a court's decision, but rather, when a reviewing court finds that a trial court "'"acted arbitrarily without the
 
employment of conscientious judgment or, in view of all the circumstances, exceeded the bounds of reason and ignored recognized principles of law so that substantial prejudice resulted."' [Citation.]"  
May v. Smithkline Beecham Clinical Laboratories, Inc.
, 304 Ill. App. 3d 242, 246, 710 N.E.2d 460, 463-64 (1999).
  What this court would have decided had the question of the appropriate relief been presented to us initially  is therefore irrelevant.

     Based upon our review of the relevant factors, we cannot say that the circuit court acted arbitrarily or ignored recognized principles of law in ordering the dismissal of Overnite's complaint pursuant to section 2-619(a)(3) in this case.

     Finally, Overnite contends that the circuit court's dismissal of its complaint pursuant to section 2-619(a)(3) violates the supremacy clause of the United States Constitution.  U.S. Const. art. VI, §2.  However, in the cases relied on by Overnite, the supremacy clause was invoked against state laws that frustrated the ability of people to make charges of unfair labor practices to the NLRB or forced them to chose between state benefits and pursuit of an NLRB action.  See
 
Livadas v. Bradshaw
, 512 U.S. 107, 129 L. Ed. 2d 93, 114 S. Ct. 2068 (1994); 
Nash v. Florida Industrial Comm'n
, 389 U.S. 235, 19 L. Ed. 2d 438, 88 S. Ct. 362 (1967).  

     
In 
Nash
, the petitioner was disqualified from receiving compensation solely for filing an unfair labor practice charge.
  In 
Livadas
, the state labor commissioner refused to enforce the petitioner's state right to back pay because she was covered under a collective bargaining agreement.  In both cases, the Supreme Court held that Congress did not intend for employees to be forced to chose between having state law rights and exercising their rights to pursue an unfair labor claim or to enter into a collective bargaining agreement with an arbitration clause.  See 
Livadas
, 512 U.S. at 117, 129 L. Ed. 2d at 105-06, 114 S. Ct. at 2074-75.  

     Contrary to Overnite's assertion, the present case does not invoke the supremacy clause because the application of section 2-619(a)(3) does not frustrate the enforcement of the Act.  Section 2-619(a)(3) does not require a party to forego or choose between pursuing a state charge and an NLRB complaint.  Rather, section 2-619(a)(3) is designed to avoid duplicative litigation and is applied to carry out that purpose.  
Kellerman
, 112 Ill. 2d at 447, 493 N.E. 2d at 1053.  Nothing in section 2-619(a)(3) prevents a party from pursuing various forms of relief.  In fact, a court may allow two actions to be maintained at the same time even though they are based upon the same facts.  
May
, 304 Ill.
 
App. 3d at 248, 710 N.E. 2d at 464 (multiple actions in different jurisdictions, arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of discretion, determines that more than one action should proceed); see 
Kellerman
, 112 Ill. 2d at 448, 493 N.E.2d at 1054 (lawsuits involved entirely different theories and litigations strategies).       Therefore, section 2-619(a)(3) does not run afoul of the supremacy clause.

     We conclude, therefore, that the circuit court did not abuse its discretion when it dismissed Overnite's complaint pursuant to section 2-619(a)(3).  Deciding this case as we do, we need not decide whether that portion of Overnite's brief dealing with the issue of federal preemption should be stricken.

     The judgment of the circuit court of Cook County is affirmed.

     Affirmed.

     CERDA J., concurs.

     JUSTICE WOLFSON, dissenting:

I agree that the NLRB proceeding is an action under section 2-619(a)(3).  Although I would be inclined to say we should apply a 
de
 
novo
 standard to a section 2-619(a)(3) dismissal that did not require the trial court to weigh facts or determine credibility (
Miller v. Thomas
, 275 Ill. App. 3d 779, 786-87 (1995)), I will use the majority's abuse of discretion review of the dismissal.

I respectfully dissent because I believe the trial court abused its discretion when it dismissed this action.  It should have granted a stay, pending the playing out of the NLRB case.

There is no way to know, at this point, how long the NLRB will take before it does anything meaningful in this case.  Nor can we know whether it will provide complete relief to the parties, a factor the trial judge should consider.  See 
Hapag-Lloyd (America), Inc. v. Home Insurance Co.
, 312 Ill. App. 3d 1087, 1097 (2000) ("Another discretionary factor that should have been taken into account was whether the Federal Action could provide complete relief to all of the parties").

Overnite has made serious allegations in this lawsuit.  Illinois residents have a substantial interest in how purported acts of labor violence are litigated.  It could be the NLRB will do all that should be done, but we cannot know that at this point.  If there is no full and fair resolution of the issues raised here and at the NLRB, Overnite will be left without a remedy.  That would be no service to the administration of justice in this state.  Staying the Illinois proceeding would do no harm and would protect the rights of the parties in a lawsuit that raises matters of public interest.    

     

     

     

     

FOOTNOTES
1:
The dissent favors a 
de
 
novo
 standard, citing 
Miller v. Thomas
, 275 Ill. App. 3d 779, 656 N.E.2d 89 (1995).  However, in that case, the trial court's decision was based upon the pleadings without making any discretionary analysis or weighing  of the evidence.  

2:
Ransom v. Marrese
, 150 Ill. App. 3d 67, 71-72, 501 N.E.2d 702, 704-05 (1986).